

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 11, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 223

Re: Impact of the Open Records
Act and the Open Meetings Act on
administrative proceedings held
by the Comptroller's Hearings
Division

Dear Mr. Calvert:

You have submitted the following questions to us for our opinion:

1) Keeping the provisions of the Open Records Act in
mind, does Art. 20.11(G) or any other provision of
Title 122A, Taxation-General, V. T. C. S., prohibit
any official or employee of the Comptroller from:

> a) disclosing the fact that an individual
> has requested a redetermination or
> claim for refund hearing?

> b) disclosing the resolution of legal
> issues, including their factual back-
> grounds, that arose in administrative
> proceedings conducted by the Comp-
> troller's Hearings Division when
> disclosure would identify the individ-
> ual taxpayer who raised the issues?

2) Do the administrative proceedings conducted by the
Comptroller's Hearings Division pursuant to the provisions
of Title 122a, Tax.-Gen., V. T. C. S., fall within the defi-
nition of "meeting" as used in the Open Meetings Act, Art.
6252-17, V. T. C. S. ?

p. 1040

3) Should the preceding question be answered affirmatively, can the information acquired by the Comptroller's office in its investigation of the taxpayer be presented at such proceedings without violating Art. 20.11(G), Tax. -Gen. , V. T. C. S. ?

The purpose of the Open Records Act, Art. 6252-17a, V. T. C. S. , is to provide the public with access to information regarding the affairs of government and, to this end, its provisions are to be construed liberally. Subject to certain exceptions, the Act makes public all information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business. One of the exceptions is made by § 3(a)(1) which exempts from disclosure to the public "information deemed confidential by law, either Constitutional, statutory, or by judicial decision. "

Relevant to the exception in the Act for "information deemed confidential by law" are several provisions found in Title 122A, Tax. -Gen. , V. T. C. S. (1969). One of these is Article 1. 031 which states:

> "(1) For the purpose of carrying out the terms
> of this Title the Comptroller or any authorized agent
> shall have the authority to examine at the principal or
> any other office in the United States of any person,
> firm, agent, or corporation permitted to do busines
> in this State, all books, records and papers and also
> any officers or employees thereof, under oath. . . .
> The Comptroller shall not make public or use said
> information derived in the course of said examination
> of said books, records and papers and/or officers or
> employees except for the purpose of a judicial proceed-
> ing for the collection of delinquent taxes in which the
> State of Texas is a party. . . ."

In addition Article 20. 11 (G)(1) provides:

> "(G) Disclosure of Information Unlawful:

"Examination of Records.

"(1) It shall be a misdemeanor for any official or employee of the Comptroller to make known in any manner whatever the business affairs, operations or information obtained by an investigation of records and activities of any retailer or any other person visited or examined in the discharge of official duty, or the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any return, or to permit any return or copy thereof, or any book containing any abstract or particulars thereof to be seen or examined by any person not connected with the Comptroller. "

Also see Articles 7.25, 7.26, 12.10, 12.10A and 13.17 § 7, Taxation-General V. T. C. S.

The effect of these provisions is to make certain information in the possession of the Comptroller confidential and thereby bring it within the § 3(a)(1) exception to the Open Records Act, but nowhere in them, or any other provision of Title 122A, is there any reference to maintaining the confidentiality of the fact of a taxpayer's request for a redetermination or claim for refund hearing. Revelation of the fact that a taxpayer has requested a reconsideration of his tax status is hardly comparable to revealing the actual details of his business affairs which have been uncovered by the Comptroller during his investigations and which will be considered by the Comptroller in reaching a conclusion. Accordingly while the latter information is expressly made confidential by the provisions of Title 122A, the mere fact that a hearing has been sought is not. Since the confidentiality provisions of Title 122A do not encompass the fact that an individual has requested a redetermination or claim for refund hearing, that information is made public by mandate of the Open Records Act, and officials or employees of the Comptroller may disclose it without penalty.

On the other hand the quoted provisions of Title 122A expressly prohibit the Comptroller from disclosing "in any manner whatever" information about

a taxpayer's affairs which has been obtained while examining his books, records, returns, etc. This information is deemed confidential by law, and § 3(a)(1) excepts it from the disclosure requirements of the Open Records Act. But it is just this kind of information which the Comptroller must consider at the hearings he conducts to resolve an individual's claim for a refund or his request for a redetermination. In reporting his resolution of the issues raised at these administrative proceedings, the Comptroller must refrain from identifying the name of the taxpayer involved or revealing any information as to the nature of the taxpayer's business operations which would serve to identify him. In his decisions he must discuss the principles of law applicable to the factual situation in question without going into details which would make identification possible. But as long as he confines himself to generalities, and the identity of the individual taxpayer involved remains unknown, the Comptroller may disclose the decisions he reaches without violating the confidentiality provisions of Title 122A.

Your second question requires us to consider what effect the Open Meetings Act, Art. 6252-17, V. T. C. S., has on the administrative proceedings conducted by the Comptroller's Hearings Division. In general the Open Meetings Act requires every regular, special, or called meeting or session of every governmental body to be open to the public. Section 1 of the Act defines "meeting" as follows:

> "(a) 'Meeting' means any deliberation between a quorum of members of a governmental body at which any <u>public business or public policy</u> over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken. " (emphasis added)

The Comptroller's Hearing Division conducts hearings in order to consider the requests of individual taxpayers for a refund or for a redetermination of their tax status. Of necessity these proceedings must focus on the details of the taxpayer's affairs; information contained in the taxpayer's books, records, and papers must be examined and discussed.

But Articles 1. 031 and 20. 11 (G)(1) of Title 122A expressly prohibit the Comptroller's office from making information about a taxpayer's affairs public "in any manner whatever". Compliance with these provisions would be impos-

sible if the Comptroller were to open to the public the proceedings at which just such information was considered. In effect, the confidentiality provisions of Title 122A make the administrative proceedings conducted by the Comptroller private affairs insofar as they are concerned with the business, operations, amount of income, etc., of individual taxpayers.

Since these proceedings, usually conducted by a hearing examiner representing the Comptroller, do not involve "deliberation between a quorum of members of a governmental body at which any public business is public policy. . . is discussed", they are not "meetings" as defined in § 1 of the Open Meetings Act. They need not be open to the public, and indeed the Comptroller should close them to the public, if necessary, to comply with the prohibitions contained in Articles 1. 031 and 20. 11 (G)(1) of Title 122A.

### SUMMARY

The provisions of Title 122A do not prohibit the Comptroller from disclosing the fact that an individual has requested a redetermination or claim for refund hearing. While the Comptroller may disclose his resolution of the issues raised in the administrative proceedings he conducts, he must not do so in a manner that will make possible identification of the individual taxpayer involved. The administrative proceedings conducted by the Comptroller's Hearings Division are not "meetings" as defined in the Open Meetings Act and should not be open to the public.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee